1  David C. Bohrer (Bar No. 212397)
     David.bohrer@valoremlaw.com
2  VALOREM LAW GROUP, LLP
   60 South Market Street, Suite 1250
3  San Jose, California  95113-2396
   Telephone:  (408) 938-3882
4  Facsimile:  (408) 915-2672

5  J. Pat Heptig (Texas Bar No. 793940) (*pro hac vice*)
     Pat.heptig@valoremlaw.com
6    Of Counsel
   VALOREM LAW GROUP, LLP
7  15050 E. Beltwood Pkwy.
   Addison, Texas  75001
8  Telephone:  (214) 451-2154
   Facsimile:  (312) 676-5499

9
   Attorneys for Plaintiff
10 Aquatic AV, Inc.

11
                    IN THE UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13

14 AQUATIC AV, INC., a California          No. 3:14-cv-1931 NC
   corporation,
15                                         **FIRST AMENDED COMPLAINT FOR
            Plaintiff,                     PATENT INFRINGEMENT**
16
     vs.                                   **JURY TRIAL DEMANDED**
17
   THE MAGNADYNE CORPORATION, a
18 California corporation, SSV WORKS,
   INC., a California corporation,
19
            Defendants.
20

21      This is an action for patent infringement in which plaintiff Aquatic AV, Inc. ("Aquatic" or

22 "Plaintiff") makes the following allegations against defendants The Magnadyne Corporation

23 ("Magnadyne") and SSV Works, Inc. ("SSV"):

24                                    **PARTIES**

25      1.      Aquatic is an active California corporation with its principal place of business at 282

26 Kinney Drive, San Jose, California 95112.  Aquatic does business in the Northern District of

27 California.

28

2.      Magnadyne is an active California corporation with its principal place of business at 1111 West Victoria Avenue, Compton, California 90220.  Magnadyne does business in the Northern District of California.

3.      SSV is an active California corporation with its principal place of business at 201 North Rice Avenue, Suite A, Oxnard, California 93030, and was previously known as SSV Works, LLC.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, Titles 35 and 17, United States Code, including 35 U.S.C. § 1, et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

6.      This Court has personal jurisdiction over defendants.  Defendants have conducted and do conduct business within the State of California and within this judicial district.  Defendants, directly or through intermediaries, have used, sold, offered for sale, and/or imported infringing products and/or services in this District, have committed and continue to commit acts of patent infringement in this District, and have harmed and continue to harm Aquatic in this District.

## BACKGROUND

7.      Aquatic was founded in 2005, and develops and distributes audio and video ("AV") products and services to the Spa, Marine and ATV industries which are designed to address water, heat, excessive evaporation and other environmental conditions unique to the use of AV products in these industries.  Robert Louis Fils is President and CEO of Aquatic.

8.      Mr. Fils is the inventor of United States Patent Nos. 7,831,756 ("'756 Patent") and 8,578,081 ("'081 Patent") (collectively, the "Asserted Patents").

9.      While with Aquatic, Mr. Fils developed novel technologies relating to docking and housing of electronic devices.  Specifically, Mr. Fils developed a waterproof and dust-proof enclosure to protect electronic devices such as portable digital media players that would amplify and control the device by wired or wireless technology.

FIRST AMENDED COMPLAINT

10.     Mr. Fils has taken steps to protect this technology, including obtaining the '756 and '081 Patents.  Mr. Fils filed a patent application for such technology on July 25, 2007, which was issued as the '756 Patent on November 9, 2010.  Thereafter, on October 29, 2010, Mr. Fils filed a patent application, which was issued as the '081 Patent on November 5, 2013.  Aquatic is the owner by assignment of the Asserted Patents.

11.     On information and belief, defendants have used, sold, offered for sale, and/or imported products and/or services in the United States, including without limitation this District that infringe the Asserted Patents.  Defendants have thus committed acts of patent infringement within the State of California and, particularly, the Northern District of California.  By purposefully and voluntarily using, selling, offering for sale and/or importing their infringing products and/or services, defendants have injured Aquatic and are thus liable to Aquatic for infringement of the Asserted Patents pursuant to 35 U.S.C. § 271.

## COUNT I

## (INFRINGEMENT OF THE '756 PATENT - MAGNADYNE)

12.     Aquatic hereby incorporates and restates the foregoing paragraphs as if fully set forth at length.

13.     On November 9, 2010, the '756 Patent, entitled "Apparatus and Method for Docking and Housing a Removable Electronic Device," was duly and legally issued to Mr. Fils by the United States Patent and Trademark Office.  A true and correct copy of the '756 Patent is attached hereto as Exhibit A.  The entire right, title, and interest in and to the '756 Patent  has been assigned to Aquatic.

14.     Magnadyne has infringed and continues to infringe – literally and/or under the doctrine of equivalents – at least one claim of the '756 Patent, by, among other things, making, using, selling, offering for sale or importing in this judicial District and elsewhere in the United States weatherproof media device docking systems that embody one or more of the claimed inventions of the '756 patent in violation of 35 U.S.C. § 271(a).  The infringing products and services include, for example:  Magnadyne's Aquavibe product line, including its "MD" line of

-3-

FIRST AMENDED COMPLAINT

1    docking stations, as well as Defendant's other products and services incorporating the same, and

2    various versions thereof.

3          15.    Magnadyne also has infringed and continues to infringe indirectly by way of

4    knowingly inducing infringement and/or contributing to the infringement of the '756 patent.

5    Among other things, Magnadyne specifically intended its customers to directly infringe in this

6    judicial District or elsewhere in the United States one or more of the claimed inventions of the '756

7    Patent in violation of 35 U.S.C. § 271(b), and/or specifically supplied components, such

8    components having no substantial non-infringing uses and constituting a material part of the

9    invention, to its customers with knowledge that these components were especially made for use by

10   the customer in a manner that directly infringe in this judicial District or elsewhere in the United

11   States one or more claims of the '756 Patent in violation of 35 U.S.C. § 271(c).

12         16.    Magnadyne has committed these acts of infringement without license or

13   authorization.

14         17.    Magnadyne received actual notice of the '756 Patent through correspondence

15   submitted on behalf of Aquatic's CEO and '756 inventor Robert Fils.  Despite this notice,

16   Magnadyne continued to directly infringe and indirectly infringe by way of inducing infringement

17   and/or contributing to the infringement of the '756 Patent.  Magnadyne's acts of infringement of the

18   '756 Patent have therefore been and continue to be willful, deliberate, and in reckless disregard of

19   Aquatic's patent rights.

20         18.    As a result of Magnadyne's infringement of the '756 Patent, Aquatic has suffered

21   monetary damages and is entitled to a money judgment in an amount adequate to compensate for

22   Magnadyne's infringement, but in no event less than a reasonable royalty for the use made of the

23   invention by Magnadyne, together with interest and costs as fixed by the Court.  Aquatic will

24   continue to suffer damages in the future unless this Court enjoins Magnadyne's infringing activities.

25         19.    Aquatic has also suffered and will continue to suffer severe and irreparable harm

26   unless this Court issues a permanent injunction prohibiting Magnadyne, its respective agents,

27   servants, employees, representatives, and all others acting in active concert therewith from

28   infringing the '756 Patent.

-4-

FIRST AMENDED COMPLAINT

## COUNT II

### (INFRINGEMENT OF THE '081 PATENT - MAGNADYNE)

20.     Aquatic hereby incorporates and restates the foregoing paragraphs as if full set forth at length.

21.     On November 5, 2013, the '081 Patent, entitled "Docking Station for an Electronic Device," was duly and legally issued to Mr. Fils by the United States Patent and Trademark Office. A true and correct copy of the '081 Patent is attached hereto as Exhibit B. The entire right, title, and interest in and to the '081 Patent has been assigned to Aquatic.

22.     Magnadyne has infringed and continues to infringe – literally and/or under the doctrine of equivalents – at least one claim of the '081 Patent, by, among other things, making, using, selling, offering for sale or importing in this judicial District and elsewhere in the United States weatherproof media device docking systems that embody one or more of the claimed inventions of the '081 patent in violation of 35 U.S.C. § 271(a).   The infringing products and services include, for example:  Magnadyne's Aquavibe product line, including its "MD" line of docking stations, as well as Defendant's products and services incorporating the same, and various versions thereof.

23.     Magnadyne also has infringed and continues to infringe indirectly by way of knowingly inducing infringement and/or contributing to the infringement of the '081 patent. Among other things, Magnadyne specifically intended its customers to directly infringe in this judicial District or elsewhere in the United States one or more of the claimed inventions of the '081 Patent in violation of 35 U.S.C. § 271(b), and/or specifically supplied components, such components having no substantial non-infringing uses and constituting a material part of the invention, to its customers with knowledge that these components were especially made for use by the customer in a manner that directly infringe in this judicial District or elsewhere in the United States one or more claims of the '081 Patent in violation of 35 U.S.C. § 271(c).

24.     Magnadyne has committed these acts of infringement without license or authorization.

-5-

FIRST AMENDED COMPLAINT

25.     Magnadyne has had knowledge of the '081 Patent at least as early as the filing of the original complaint, if not earlier.  Magnadyne's acts of infringement of the '081 Patent therefore have been and continue to be willful, deliberate, and in reckless disregard of Aquatic's patent rights.

26.     As a result of Magnadyne's infringement of the '081 Patent, Aquatic has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Magnadyne's infringement, but in no event less than a reasonable royalty for the use made of the invention by Magnadyne, together with interest and costs as fixed by the Court.  Aquatic will continue to suffer damages in the future unless this Court enjoins Magnadyne's infringing activities.

27.     Aquatic has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Magnadyne, its respective agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '081 Patent.

## COUNT III

### (INFRINGEMENT OF THE '081 PATENT - SSV)

28.     Aquatic hereby incorporates and restates the foregoing paragraphs as if full set forth at length.

29.     SSV has infringed and continues to infringe – literally and/or under the doctrine of equivalents – at least one claim of the '081 Patent, by, among other things, making, using, selling, offering for sale or importing in this judicial District and elsewhere in the United States weatherproof media device docking systems that embody one or more of the claimed inventions of the '081 patent in violation of 35 U.S.C. § 271(a).   The infringing products and services include, for example:  SSV's WP-1D4 and WP-1D5BTD weatherproof media device lockers, as well as SSV's products and services incorporating the same, and various versions thereof.

30.     SSV also has infringed and continues to infringe indirectly by way of knowingly inducing infringement and/or contributing to the infringement of the '081 patent.  Among other things, SSV specifically intended its customers to directly infringe in this judicial District or elsewhere in the United States one or more of the claimed inventions of the '081 Patent in violation of 35 U.S.C. § 271(b), and/or specifically supplied components, such components having no

FIRST AMENDED COMPLAINT

substantial non-infringing uses and constituting a material part of the invention, to its customers with knowledge that these components were especially made for use by the customer in a manner that directly infringe in this judicial District or elsewhere in the United States one or more claims of the '081 Patent in violation of 35 U.S.C. § 271(c).

31.     SSV has committed these acts of infringement without license or authorization.

32.     SSV has had knowledge of the '081 Patent at least as early as the filing of this first amended complaint, if not earlier.  SSV's acts of infringement of the '081 Patent therefore have been and continue to be willful, deliberate, and in reckless disregard of Aquatic's patent rights.

33.     As a result of SSV's infringement of the '081 Patent, Aquatic has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for SSV's infringement, but in no event less than a reasonable royalty for the use made of the invention by SSV, together with interest and costs as fixed by the Court.  Aquatic will continue to suffer damages in the future unless this Court enjoins SSV's infringing activities.

34.     Aquatic has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting SSV, its respective agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '081 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Aquatic prays for judgment as follows:

A.     Entry of judgment holding Magnadyne liable to Aquatic for infringement of the '756 and '081 Patents, and holding SSV liable for infringement of the '081 Patent;

B.     An award of damages adequate to compensate Aquatic for defendants' infringement of the '756 and/or '081 Patents;

C.     A post-judgment accounting of damages for the period of infringement of the '756 and/or '081 Patents following the period of damages established by Aquatic at trial;

D.     An order permanently enjoining defendants and their  respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the '756

FIRST AMENDED COMPLAINT

1    and/or '081 Patents;

2          E.      If a permanent injunction is not granted, a judicial determination of the conditions of

3    future infringement such as a royalty bearing compulsory license or such other relief as the Court

4    deems appropriate;

5          F.      Enhanced  damages under 35 U.S.C. § 284 in view of the willful and deliberate

6    nature of defendants' infringement of the '756 and/or '081 Patents;

7          G.      An order declaring that this is an exceptional case with the meaning of 35 U.S.C. §

8    285;

9          H.      An award of prejudgment interest, post-judgment interest, costs and disbursements,

10   and attorneys fees; and

11         I.      Such other and further relief to as the Court deems Aquatic may be entitled in law

12   and equity.

13                                **DEMAND FOR JURY TRIAL**

14         Aquatic, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

15   any issues so triable by right.

16

17   Dated: July 16, 2014                        VALOREM LAW GROUP, LLP

18                                               /s/ David C. Bohrer
                                                 David C. Bohrer (Bar No. 212397)
19                                               60 South Market Street, Suite 1400
                                                 San Jose, California 95113-2396
20                                               Telephone:   (408) 938-3882
                                                 Facsimile:   (408) 915-2672
21                                               David.bohrer@valoremlaw.com

22

23                                               J. Pat Heptig (Texas Bar No. 793940) (*pro hac vice*)
                                                 15050 E. Beltwood Pkwy.
24                                               Addison, Texas  75001
                                                 Telephone:   (214) 451-2154
25                                               Facsimile:   (312) 676-5499
                                                 Pat.heptig@valoremlaw.com
26

27                                               Attorneys for Plaintiff Aquatic AV, Inc.

28

                                           -8-

**CERTIFICATE OF SERVICE**

  I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action.  My business address is Valorem Law Group, LLP, 60 South Market Street, Suite 1250, San Jose, California 95113.

  On July 16, 2014, I served the foregoing documents described as on each interested party as follows:

**SUMMONS IN A CIVIL ACTION**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
**EXHIBIT A (TO FIRST AMENDED COMPLAINT)**
**EXHIBIT B (TO FIRST AMENDED COMPLAINT)**

Marc Lorelli, Esq.
mlorelli@brookskushman.com
BROOKS KUSHMAN, P.C.
1000 Town Center, 22nd Floor
Southfield, MI  48075-1238
Telephone:  (248) 358-4400
Facsimile:   (248) 358-3351

  ☒  **[By Electronic Mail]** I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Valorem Law Group, LLC's electronic mail system to the email address, as set forth above, and the transmission was reported as complete and no error was reported.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 16, 2014 at San Jose, California.


         /s/ *Barbara Golstein*
         Barbara Golstein

CERTIFICATE OF SERVICE

1

**CERTIFICATE OF SERVICE**

2    I, David C. Bohrer, am the ECF User whose identification and password are being used to

3 file this document.  I hereby certify that on July 16, 2014, I electronically filed the foregoing with

4 the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

5 email address on file with the Clerk of the Court.

6

7 Dated: July 16, 2014                          /s/      *David C. Bohrer*
                                                         David C. Bohrer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE