IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AQUATIC AV, INC., a California corporation,

    Plaintiff,

  v.

MAGNADYNE CORPORATION, a California corporation, and SSV WORKS, INC., a California corporation,

    Defendants.

No. C 14-01931 WHA

**ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY ACTION PENDING *INTER PARTES* REVIEW AND VACATING HEARING**

After this patent-infringement action had been pending for eight months, defendants filed a motion to stay the entire case while the PTAB decides whether to institute *inter partes* review of claims in one of the two asserted patents. Plaintiff responds that either the entire case should be stayed or nothing should be stayed. For the reasons stated herein, defendants' motion to stay is **DENIED**. The January 20 hearing is hereby **VACATED**.

* * *

In April 2014, plaintiff Aquatic AV, Inc. commenced this lawsuit. This action was subsequently reassigned to the undersigned judge in September. A case management scheduling order followed which included a July 2015 fact discovery deadline and a November 2015 trial date. Plaintiff then filed a third amended complaint (Dkt. Nos. 56, 67).

In brief, Aquatic alleged that defendants Magnadyne Corporation and SSV Works, Inc. infringed two patents — U.S. Patent No. 7,831,756 ("the '756 patent") and its continuation-in-part, U.S. Patent No. 8,578,081 ("the '081 patent"). The accused products were defendants' "digital media docking stations" (Compl. ¶¶ 12, 17, 18, 22, 23, 48, 65, 85, 104).

While this action was underway — in November 2014 — defendants filed a petition for *inter partes* review ("IPR") of claims in one of the two asserted patents (the '081 patent only). *The PTAB has not yet decided whether to institute review of those claims.*

Defendants then filed a motion to stay the entire action pending resolution of the *inter partes* review petition. Plaintiff responded that it did not oppose the proposed stay, but would oppose a partial stay due to the "substantial overlap of the claims, patented subject matter, accused products, discovery, and damages."

Recently, the parties have confirmed that the PTAB has not yet decided whether to institute *inter partes* review. The decision deadline is in May 2015 — more than four months away (Dkt. No. 73).

*          *          *

Courts have the inherent power to manage their dockets and to stay proceedings. In determining whether to grant a stay, three factors are considered: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Aylus Networks, Inc. v. Apple, Inc.*, No. 3:13-cv-04700-EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014) (Judge Edward Chen).

The first factor weighs against a stay. This action has been pending for more than eight months. During this time, progress has been made. The case management order set, among other things, a fact discovery deadline, a dispositive motion deadline, and a November 2015 trial date. The parties have exchanged discovery, including Magnadyne's production of 4,800 pages of documents and three product samples, SSV's production of 2,000 pages of documents and five product samples, plaintiff's production of 1,500 pages of documents, and plaintiff's subpoena against third-party Scosche Industries (Bohrer Decl. ¶¶ 4, 11, 13, 16, 40). The parties have also exchanged infringement and invalidity contentions. In November 2014, defendants sent plaintiff a letter stating defendants' intent to move for summary judgment of non-infringement as to the '756 patent (not subject to the pending IPR petition). Fact discovery closes in July 2015. On this record, this factor weighs against a stay because progress has been

1 made and much hard work can be done before the PTAB even decides whether to institute
2 review.

3       The second factor is neutral.  No *inter partes* review proceeding has been instituted by
4 the PTAB.  Indeed, the deadline for the PTAB to decide whether to institute review of the '081
5 patent (the only patent at issue in the pending IPR proceeding) is in May 2015.  Although both
6 sides argue that *inter partes* review could simplify the issues in question, that remains to be seen
7 because the threshold institution question has not yet been decided.

8       The third factor is neutral as well.  On the one hand, a stay could conserve some of the
9 parties' resources; on the other hand, a stay would cause additional delay and needless additional
10 expense because the PTAB may very well decline to institute *inter partes* review.  This order
11 rejects counsel for Magnadyne's speculative assumption that if the case is not stayed, "the
12 parties will have to conduct discovery prior to institution that may have to be repeated after the
13 final decision" (Lorelli Decl. ¶ 3).  It is hard to see how progress taken now could or would
14 result in undue prejudice to defendants, especially since they believe it would be productive for
15 them to "consider petitions related to the asserted claims of the '756 patent" and/or file an early
16 summary judgment motion.

17       Accordingly, this order — in its discretion — finds that defendants' motion to stay the
18 entire action pending the PTAB's decision whether to institute *inter partes* review of one of the
19 two asserted patents is **DENIED**.  This is without prejudice to a fresh motion after the PTAB's
20 decision.  The January 20 hearing is hereby **VACATED**.  To be clear, no deadline is stayed for
21 now.  All existing deadlines remain in place.

23 **IT IS SO ORDERED.**

25 Dated: January 13, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3