IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AQUATIC AV, INC., a California corporation,

    Plaintiff,

  v.

MAGNADYNE CORPORATION, a California corporation, and SSV WORKS, INC., a California corporation,

    Defendants.

No. C 14-01931 WHA

**ORDER GRANTING MOTION TO AMEND INFRINGEMENT CONTENTIONS AND VACATING HEARING**

## INTRODUCTION

In this patent-infringement action involving docking stations, plaintiff moves to amend its infringement contentions. For the reasons stated herein, the motion is **GRANTED**. The March 12 hearing is hereby **VACATED**.

## STATEMENT

In this action, our patentee, Aquatic AV, Inc., asserts two patents against defendant Magnadyne Corporation. Both patents pertain to digital media docking stations with remote controls. U.S. Patent No. 7,831,756 ("the '756 patent"), entitled "Apparatus and Method for Docking and Housing a Removable Electronic Device," was filed in 2007, and issued in 2010. The continuation-in-part, U.S. Patent No. 8,578,081 ("the '081 patent"), entitled "Docking Station for an Electronic Device," was filed in 2010, and issued in 2013. This action began in April 2014.

In September through December 2014, our patentee served written discovery requests on Magnadyne. Our patentee then served its infringement contentions in October 2014. Those contentions charted Magnadyne's *wireless* remote controls as infringing the '756 patent and included Magnadyne's *wired* remote controls as infringing the '081 patent. The patentee,

however, did not identify the *wired* remote controls on the list of accused instrumentalities (Bohrer Decl. ¶¶ 4, 6, Exh. A).

In January 2015, our patentee obtained physical samples of the *wired* remote controls from Magnadyne and deposed Magnadyne's Rule 30(b)(6) witness (Bohrer Decl. ¶ 7).

A February 2015 order then (1) found Claim 16 of the '756 patent invalid as indefinite and alternatively, (2) granted partial summary judgment in favor of Magnadyne because the accused *wireless* remote controls did not infringe Claim 16.

Now, the patentee moves to amend its infringement contentions to include *wired* remote controls as infringing the '756 patent. "[S]ales of wired remote controls over the last several years do not exceed 20 units," defense counsel represented in an unsworn statement (Supp. Br. 1–2). Fact discovery closes in July 2015, and trial begins in November 2015 (Dkt. Nos. 56, 117). This order follows full briefing and supplemental submissions.

## ANALYSIS

Under Patent Local Rule 3-6, amendment of infringement contentions requires a timely showing of good cause. The good cause inquiry considers whether the moving party was diligent in seeking to amend its contentions and whether the nonmoving party would suffer prejudice if the motion is granted. *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006).

Our patentee moves (1) to accuse *wired* remote controls as infringing the '756 patent and (2) to add *wired* remote controls to the list of accused products. The motion is **GRANTED**.

*First*, our patentee has demonstrated diligence. In late 2014, our patentee served written discovery on Magnadyne, who responded by producing "operating manuals and marketing literature" on wired remote controls. Our patentee then identified wired remote controls as infringing the '081 patent. In January 2015, Magnadyne produced a physical sample of the wired remote controls and shortly thereafter, our patentee filed the instant motion. Fact discovery closes in four months and trial does not begin until November 2015. Accordingly, our patentee has been diligent in seeking to amend its contentions.

*Second*, contrary to Magnadyne, it would not suffer prejudice if the motion is granted. Magnadyne argues that because a February 2014 order granted partial summary judgment in its favor, allowing leave to amend would make the summary judgment order incomplete (Supp. Br. 1).

This order disagrees that this amounts to prejudice barring an amendment in our action. Although the February 2015 order held that the accused *wireless* remote controls did not infringe Claim 16 of the '756 patent, it also held that Claim 16 was indefinite. Claim 16 is invalid regardless of whether the accused remote controls are wireless or wired. Since the patentee sought this amendment only three months after serving its original infringement contentions and fact discovery does not close until July 2015, this order finds that neither side would suffer prejudice from the proposed amendment. Indeed, if this order denied the patentee's motion, the patentee would simply file a new lawsuit and relate the cases. We would still need to resolve the question of infringement and invalidity as it pertains to the asserted claims in the '756 patent and wired remote controls. Since several months remain in the fact discovery period, it would be far better to resolve all of these issues on the same record in the same action.

Accordingly, our patentee has shown good cause to amend the infringement contentions.

## CONCLUSION

For the reasons stated herein, the patentee's motion to amend the infringement contentions is **GRANTED**. The March 12 hearing is hereby **VACATED**. Any motion for partial summary judgment with respect to the '756 patent and *wired* remote controls must be filed by **MARCH 24 AT NOON**. The moving papers must not exceed fifteen pages of briefing; the opposition must not exceed fifteen pages of briefing; and the reply must not exceed seven pages of briefing. To be clear, this is not an opportunity to seek reconsideration of the February 2015 order.

**IT IS SO ORDERED.**

Dated: March 4, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE